Gilmore, J.
One of the special instructions requested by the plaintiff' and refused by the court below, was, in effect, this: That the words used impute the crime of perjury, and are therefore actionable in themselves.
According to the principles governing the action this proposition is true, if the slander was in law an injury to the plaintiff. But to constitute such injury it must appear that the crime imputed was indictable and punishable.
If, then, the words used do not amount to a charge of the legal offense of perjury, they do not impute a crime liable to indictment and .punishment, and the proposition is not true.
To show that the words used could not by any proper construction have imputed the crime of perjury in its legal sense, we refer to the common law, where it is defined to be “ a crime committed where a lawful oath is administered by any that hath authority, to any person, in any judicial proceeding, who sweareth willfully, absolutely, and falsely to a matter material to the issue.” 3 Inst. .164.
The ninth section of the crimes act (S. & 0. 405) declares •what shall constitute perjury in this state, and section 11 *84 of the same act provides “ that in every indictment for perjury ... it shall be sufficient to set forth the substance of the offense charged upon the defendant, and before what court or authority the oath or affirmation was taken, averring such court or authority to have full power to administer the same ,” etc. In Silvers v. The State, 17 Ohio, 365, it is said that “ to constitute perjury the oath or affirmation must be material, or be required by, or have some-effect in law.” Thus, whether we look to the common-law or to the provisions of our statute, to constitute perjury the oath or affirmation must be taken before some court or authority having full power to administer the same, and the common law and our Supreme Court agree in saying that the testimony given must be matexial to the issue, or (in the language of the coux’t) be required by or have some effect in law.
It is admitted that the words spoken had sole reference-to testimony givexx before a justice of the peace in the bastax’dy case, in which the justice assuxned jurisdiction to try and determine the case oxx its merits, and while thus acting..in his assumed authority, administered the oath to Mrs. Hamm. I say assumed authority, for he was acting without a shadow of legal authority in swearing and examining witnesses on the merits of the bastardy case.
The justice had no judicial authority in the particular case, except that conferred by statute.
The statute gave him authority to swear and examine-one witness only, the complainant, and reduce the examination to writing, and upon the parties failing to agree as-to the support of the child, he was required either to recognize the defendant to the Court of Common l^leas or commit him to jail. He had no authority to do otherwise.
When he assumed to go further, and try whether the-defendant was guilty or not guilty of the charge, and administered an oath to Mrs. Hamm and other witnesses for that purpose, he was simply acting on his personal author *85 ity, without color of legal right, and his acts in this respect were a nullity.
Under these circumstances, there was, of course, no authority for administering the oath, and the testimony given could not possibly have been material or of any effect in law. Both of these are prerequisites to the crime of perjury. Mrs. Hamm could not, therefore, have been indicted or punished for perjury committed on that trial; hence there was no charge of perjury in a legal sense, and the words used are not actionable in themselves, because they charged no crime, and could not have occasioned an injury ;in law.
Next, if the words spoke are not actionable in them-selves, can they be made so by reason of the state of the mind of the speaker, or the kno ledge, intention, belief, •or motive with which they were spoken by the defendant, or by the understanding of those who heard them ?
This question is raised on the record by several special instructions, all to substantially the same effect, which the plaintiff on the trial below requested to be given to the jury, and which the court refused to give.
The words spoken in this case were evidently used in •their primary and direct sense. They could not have been misunderstood. They were not actionable in themselves, because of the reasons above stated, and not because they were, on their face, of dubious import.
Under such circumstances, if the words were not action■ablé in themselves, they could not be made so by reason of ■the fact that the speaker intended to charge perjury, and the hearers so understood him.
It is only where words upon their face are of dubious import, or are prima facie and abstractly innocent, and derive their offensive or actionable quality from some collat•eral or extrinsic circumstances, that judges and juries shall, by the aid of proper testimony for that purpose, understand the words used in that sense which the speaker designed or intended them to be understood.
*86 Finding no errors on the record, the judgment of the Court of Common Pleas must be affirmed.

Judgment accordingly.

McIlvaine, C. J., White and Rex, JJ\, concurred;. Welch, J., not sitting.